**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14008-CR-CANNON**

**UNITED STATES OF AMERICA**,

                Plaintiff,

vs.

**DURONEL LOUTE,**

                Defendant.

_____/

## ORDER SETTING TRIAL DATE AND PRETRIAL INSTRUCTIONS

**THE ABOVE CAUSE** comes before the Court *sua sponte*.  Given the ongoing public health crisis caused by COVID-19 and the corresponding entry of Administrative Order 2020-76 ("Eighth Order Concerning Jury Trials and Other Proceedings"), which continued all jury trials in the Southern District of Florida set to begin on or after March 30, 2020, until May 3, 2021, it is

**ORDERED AND ADJUDGED** that the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justify served by the extended trial date set forth herein outweigh the best interests of the parties and the public in a speedy trial, given the need to protect the health and safety of Defendants, their counsel, prosecutors, court staff, and the public by reducing the number of in-person hearings to the fullest extent possible, and due to the inability of the Court to ensure the availability of a fair cross-section of jurors absent a continuance.

Accordingly, the period of delay resulting from the trial date set forth herein—from the date of this order, March 1, 2021, through the start of trial—shall be considered excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161.  This case is hereby set for a **Criminal Jury Trial** at Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Courtroom

CASE NO. 21-14008-CR-CANNON

4008, Fort Pierce, Florida 34950, during the two-week period commencing **May 10, 2021**, or as soon thereafter as the case may be called.   A **Calendar Call** will be held at **1:45 p.m. on Tuesday, May 4, 2021** at the same location.   All pre-trial motions and motions *in limine* must be filed by **Monday, April 5, 2021**.   Each party is limited to filing one motion *in limine*; if there is more than one Defendant, Defendants shall file a combined motion unless a clear conflict of position exists, in which case the parties shall explain that conflict in their individual motions.   Motions *in limine* may not, without leave of the Court, exceed the page limits allowed by the Rules, and they must state with particularity the evidence at issue and the legal and factual basis relevant to disposition of the motion.

It is further **ORDERED** as follows:

1. All requests for *Writs Ad Testificandum* must be filed no later than 14 business days prior to the first day of the scheduled trial period.

2. **In accordance with Local Rule 88.5, the parties shall file speedy trial reports every twenty-one (21) days hereafter until the time of trial or plea**.

3. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the magistrate judge.   Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions.   Any notice submitted pursuant to Federal Rule of Evidence 404(b) shall identify with particularity the evidence to be introduced and include a specific factual and legal basis supporting admission.

4. To the extent required by Local Rule 88.9(a), all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion.

2

CASE NO. 21-14008-CR-CANNON

5. Counsel shall be prepared to conduct limited *voir dire* following the Court's questioning of the panel.   Prior to Calendar Call, each party may file no more than 10 proposed *voir dire* questions (including any sub-parts) for the Court to consider asking of the venire. **The Court will not permit the backstriking of jurors**.

6. The parties shall submit, in Word format, via e-mail to [cannon@flsd.uscourts.gov](mailto:cannon@flsd.uscourts.gov), proposed jury instructions, including substantive charges and defenses, and a proposed verdict form prior to **Calendar Call**.   For instructions on filing proposed documents, please see [http://www.flsd.uscourts.gov](http://www.flsd.uscourts.gov).   Although the parties need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form **jointly**, and every instruction must be supported by citation to authority.   Where the parties do not agree on a proposed instruction, the instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined.   Instructions proposed solely by the defense shall be italicized.   Furthermore, the parties should identify, as to each proposed jury instruction, whether the proposed language conforms to the Eleventh Circuit Pattern Jury Instructions.   If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation.   To access the latest changes to the Eleventh Circuit's Pattern Jury Instructions, please see [https://www.ca11.uscourts.gov/pattern-jury-instructions](https://www.ca11.uscourts.gov/pattern-jury-instructions).

7. Prior to Calendar Call, all counsel shall file lists of proposed witnesses and/or exhibits to be presented at trial.   All exhibits to be offered into evidence must be re-labeled in accordance with the proposed exhibit list.   (Government exhibits are to be designated numerically; defense exhibits, alphabetically).

3

CASE NO. 21-14008-CR-CANNON

8. **Any change of plea must be taken prior to 5:00 p.m. on the last business day before trial is scheduled to begin**. *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999).

9. Any motion for a continuance of trial shall set forth in detail which factors constitute grounds for a continuance pursuant to 18 U.S.C. § 3161(7)(B).

10. The filing by counsel of a "Notice of Unavailability" by motion or otherwise is not provided for under the local rules and shall not be presumed to modify or alter the Court's scheduling order.

11. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel prior to Calendar Call.   If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

12. All anticipated *Jencks* Act[1] material shall be turned over to defense counsel no later than the morning of the first day of trial.   The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.   For purposes of the record, the signed face sheet must be filed by the government on CM/ECF no later than seven (7) days after the conclusion of the trial.

13. Upon receipt of this Order, defense counsel shall certify with the Court's courtroom deputy whether the Defendant requires the aid of an interpreter.   The parties are further instructed to notify the Court, **at least 24 hours prior to any hearings or trial**, if an interpreter is required.

---

[1] 18 U.S.C § 3500

4

14. Arrangements for appropriate clothing for defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the scheduled trial date.

15. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders; such proposed orders must be filed as attachments to the motions.   Furthermore, pursuant to the CM/ECF Administrative Procedures, proposed orders shall be submitted to the Court by e-mail in Word format at cannon@flsd.uscourts.gov.

16. Pursuant to Local Rule 5.3, and consistent with the Eleventh Circuit's Local Rules and Internal Operating Procedures, *see* 11th Cir. R. 11-3, within **ten (10)** days of the conclusion of a trial or other proceeding, the parties must file via CM/ECF electronic versions of documentary exhibits that the party offered or introduced into evidence, including properly labeled photographs of non-documentary physical exhibits.   The parties are reminded to review each of the requirements set forth in Local Rule 5.3, including the requirement to redact certain information and to certify compliance with Local Rule 5.3.

**DONE AND ORDERED** in Fort Pierce, Florida this 1st day of March 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record