UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO: 21-14008-CR-CANNON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DURONEL LOUTE.,

        Defendant.

_____/

### DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT WITNESS NATALIE DELIONS OR, IN THE ALTERNATIVE, REQUEST FOR RELIEF BASED ON CONSTITUTIONAL DUE PROCESS VIOLATIONS.

COMES NOW, the Defendant, DURONEL LOUTE, by and through his undersigned counsel, hereby moves this Honorable Court to exclude the trial testimony of Natalie Delions or, in the alternative, grant relief as outlined in this motion based on constitutional due process violations. As grounds in support of this motion, the defendant would state unto this Court the following:

**1**. The Defendant is currently charged in an eight-count redacted indictment with five counts of Aiding and Assisting in the Filing of False and Fraudulent Tax Returns in violation of Title 26, United States Code, Section 7206(2) and three counts of Individual Failure to Pay Taxes in violation of Title 26, United States Code, Section 7203. The indictment was issued after several years of investigation by the Internal Revenue Service surrounding the activities of DTS Plus, Duronel Loute, and other indicted and unindicted co-conspirators, who were allegedly assisting in the preparation of fraudulent tax returns from 2012 through 2017.

**2**. During the investigation, Natalie Delions, a co-conspirator and accomplice, was charged in a collateral case in the Southern District of Florida bearing Case Number 21-cr-14010-RLR-1. Delions is charged by Information with four counts of aiding and assisting in the preparation of false tax returns. On March 24, 2021, Delions entered a guilty plea pursuant to a plea agreement and is expected to be sentenced after the completion of Mr. Loute's trial. She has been cooperating with the Government in their prosecution against Mr. Loute.

**3**. Natalie Delions is a critical witness on behalf of the Government in the prosecution of Mr. Loute. She is the former girlfriend of the defendant, and they have a child together. Ms. Delions was an integral part of the activities at DTS Plus and assisted in the preparation of hundreds of tax returns and allegedly worked hand in hand with the defendant.

**4**. Delions started cooperating after she was identified in an undercover operation in assisting in the preparation of false tax returns. Since 2019 she has met with law enforcement on numerous occasions for debriefings. She was debriefed in 2019;  October 8, 2020; November 5, 2020;  November 30, 2020; and March 24, 2021. Agent Mark Nirenberg and AUSA Diana Acosta were present at the aforementioned debriefings. The Government has provided memorandums of each of these interviews to the undersigned. The undersigned believes that additional meetings and conversations have occurred with Delions and law enforcement since March 24, 2021, which have not been made known to defense counsel.

**5.** Ms. Acosta is also the prosecutor assigned to the case against Delions before Judge Rosenberg. Ms. Acosta has become significantly familiar with the background of Delions based on information she has received in court proceedings and the contents of the Presentence Investigation report, which has been completed and disseminated to the parties.

**6**. The undersigned has been preparing for trial for approximately one year, and the defendant is scheduled to commence jury selection tomorrow, January 24, 2022, at 8:30 a.m. The Court has conducted several pretrial hearings in an attempt to streamline the process.

**7**.   At 4:20 p.m. yesterday, an email was sent  from Ms. Acosta, which contained the following information:

*"In October of 2020, Natalie Delions had a mini-stroke. According to Delions, the mini-stroke affects her memory a little. As an example, she sometimes doesn't remember people.*

*She is currently on medication for anxiety, depression and vertigo. According to Delions, this does not impact her ability to understand what [sic] going on around her."*

The undersigned reviewed the email for the first time last night and was stunned to learn this information. At no time during the pendency of the case had the undersigned been informed that Delions had a stroke in 2020, which caused her to suffer memory loss and not remember people. None of the documents provided indicated that she was on medication for anxiety, depression, and vertigo.

Nowhere in the memorandum of interviews or other documents supplied surrounding the testimony of  Delions was there ever any information suggesting she had a stroke in October of 2020, which caused her memory loss.

**8**. The undersigned is requesting an evidentiary hearing prior to the commencement of jury selection to ascertain why the characteristics of the stroke in 2020 were only identified yesterday. It is hard for the undersigned to believe that this information was not revealed during the numerous interviews, contact with the witness by both the Government and law enforcement,

information learned in the collateral prosecution, and in the contents of the PSI.

9. Now, on the eve of trial, the undersigned is not prepared to adequately cross-examine Delions, a critical witness. If the undersigned had been timely notified of her mental condition, he would have conducted additional investigation in preparation for her cross. The undersigned must have a transcript from her initial appearance and bond hearing, change of plea, portions of the redacted PSI report as to issues relating to the stroke, mental health, medications, and a copy of the notes from her pretrial release officer. Clearly, the stroke and the aftereffects would be addressed when considering bond, entering a guilty plea, and preparing the presentence report. The undersigned would additionally need an opportunity to obtain her medical records and any and all information that would be relevant to her ability to remember. The undersigned would also need an opportunity to investigate through an independent investigation how her collateral contacts view her mental state and memory loss; i.e.: coworkers, friends, and family. The undersigned needs to know the types and doses of medications that Delions took during her cooperation interviews and while becoming a prospective witness at trial. The undersigned needs to employ an independent expert to assist him with cross-examination as to these issues.

10. The undersigned needs to know whether the witness is legally competent to proceed based on the information in the email. The undersigned cannot rely on the prosecutor's lay assessment of the witness.

11. The defendant's due process rights have been severely violated. The Court must strike the witness or alternatively continue the trial so that the undersigned can be effective.

WHEREFORE, the undersigned respectfully requests that this Honorable Court enter an

order to conduct an evidentiary hearing and impose whatever relief the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2022, the undersigned attorney electronically

filed the foregoing document with the Clerk of the United States District Court using CM/ECF.

Respectfully submitted by,

**LAW OFFICE OF MICHAEL J. ENTIN, P.A.**
Attorney for Defendant
101 N.E. Third Avenue-Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 745-4900
Florida Bar No. 270261
Email: mjentin@aol.com

/s/ *Michael J. Entin*
MICHAEL J. ENTIN, ESQ.