UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14008-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DURONEL LOUTE

    Defendant.
_____/

**DEFENDANT'S THIRD MOTION PURSUANT TO**
**18 U.S.C. § 3006 A (e) TO AUTHORIZE ADDITIONAL INVESTIGATIVE COSTS**

COMES NOW the Defendant, DURONEL LOUTE, by and through his undersigned CJA appointed counsel, and respectfully files this Third Motion Pursuant to 18 U.S.C. § 3006 A (e) To Authorize Additional Investigative Costs, and in support thereof states the following:

1. The Defendant, DURONEL LOUTE, is presently charged in a ten count Indictment with various offenses related to a complicated tax fraud conspiracy which allegedly occurred from 2013 through 2016. The conspiracy alleges tax fraud activity that occurred in at least five different business locations and 10 or more individuals who were claimed to be employed by the Defendant.

2. In spite of the efforts of the parties to resolve this matter, on January 24, 2022, trial commenced on the merits of the case for a two-week period . The undersigned is a solo practitioner in Broward County and needs the assistance of a competent investigator to provide support to counsel during the trial. The investigator is assisting with potential defense witnesses. He is providing tech support during trial.

3. On October 20, 2021, the undersigned filed the Defendant's Second Initial Ex Parte and Sealed Motion pursuant to 18 U.S.C. §3006 A (e) to Authorize Investigative Costs [ECF No.30]. After reviewing the Motion, the Court entered a sealed order [DE 32] authorizing a maximum of $7500.00 at a rate of $125.00 per hour for the services of licensed investigator Michael Rafael at Doral Investigations.

4. Mr. Rafael has been diligently working at the direction of the undersigned and is expected to exhaust the funds previously authorized before the end of the trial. The undersigned has conferred with Investigator Rafael to formulate a proposed estimate of the funds that would be required to complete his assistance in this case . Those services include his continued assistance during trial, which is expected to be a minimum of 5 trial days to complete. Mr. Rafael is assisting in organizing and presenting document and digital evidence to a jury. A trial in Fort Pierce is causing additional cost related issues for the investigator, who is based out of Dade County, Florida.

5. Based on the forgoing, the undersigned is requesting an additional authorization of $2,500.00, which should satisfy the remainder of the services required by the investigator.

6. The continued employment of Investigator Michael Rafael is essential to ensure that the Defendant receives a competent and effective defense at trial. This is a complex case that took the Government several years to investigate.

7. In *United States v. Sailer,* 552 F.2d 213 (5th Cir.), *cert. denied,* 431 U.S. 959 (1977), the Court recognized that investigative services are necessary in appropriate cases to aid in preparation of an indigent Defendant's defense to the charges lodged against him. Moreover, it has been held that allowance of investigative expenses for indigent Defendants is <u>required</u> when necessary to the proper preparation of the defense. A denial of Government funds for such purpose may violate Defendant's right to the effective assistance of counsel and to due process of law. See *Mayson v.*

*Arizona,* 504 F.2d 1345 (10th Cir. 1974), *cert. denied,* 420 U.S. 936 (1975).

8.   Counsel submits that it is anomalous for the Court to appoint counsel to represent an indigent Defendant and not provide that counsel with the necessary means to provide effective assistance, especially where such means are provided for by law.  See Title 18, U.S.C. Sec. 3006(1) and (3). Indeed, the District of Columbia Court of Appeals has held that an attorney's failure to properly investigate violated the Defendant's Sixth Amendment right to effective assistance of counsel. See *Harris v. United States,* 30 Cr.L.Rptr. 2368 (D.C. Cir. January 21, 1983). See, too, *Sullivan v. Fairman,* 819 F.2d 1382, 1391-93 (7th Cir. 1987) (ineffective assistance when counsel failed to contact five witnesses whose names, addresses, and telephone numbers were in police reports that counsel possessed and whose testimony directly contradicted that of Government's principal witness).

WHEREFORE, based upon the above and foregoing, the undersigned respectfully requests this Court to authorize the expenditure of $125.00 per hour, up to $2,500.00, exclusive of costs, for the services of Licensed Investigator, Michael Rafael, to aid during the Defendant's trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically files this Third Motion Pursuant to 18 U.S.C. § 3006 A(e) Authorize Investigative Costs with the Clerk of the United States District Court using CM/ECF, on this 26th Day of January 2022.

Respectfully submitted,

**LAW OFFICES OF MICHAEL J. ENTIN, P.A.**

Attorney for Defendant Duronel Loute
101 N.E. Third Avenue, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 745-4900
Florida Bar No. 270261

Email: mjentin@aol.com
Legalassisant2michaeljentin@gmail.com


 */s/ Michael J. Entin*
MICHAEL J. ENTIN, ESQ.